# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 21-60422
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL DEVELL SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-134-1

Before KING, COSTA, and HO, *Circuit Judges*

PER CURIAM:*

Michael Devell Smith appeals his 24-month revocation sentence, which is above the policy statement range of 12 to 18 months, arguing that it is substantively unreasonable because the district court failed to properly analyze the 18 U.S.C. § 3553(a) factors. Smith preserved the substantive

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60422

reasonableness issue because he argued for a sentence within the policy statement range. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). As such, the plainly unreasonable standard of review applies. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Before imposing the 24-month revocation sentence, the district court referenced the policy statement range of 12 to 18 months and stated that it had reviewed the relevant § 3553(a) factors. The court determined that a sentence within the policy statement range was not warranted in Smith's case given that he had absconded while on supervision and was not apprehended for an extended period of time. Further, the court noted that Smith only came to the attention of the authorities following his recent arrest.

These facts relate to Smith's history and characteristics and reflect consideration of the permissible sentencing factors of deterrence and protection of the public from Smith's future criminal conduct. *See* § 3553(a)(2)(B)-(C); *see also United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). Moreover, the same district court judge who presided over the instant revocation also presided over Smith's original sentencing and his prior supervised release revocation. Thus, the record supports that the district court fully considered Smith's history and characteristics in imposing its revocation sentence, as well as other relevant factors.

Smith has not shown that his sentence is the result of a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). His appellate argument is tantamount to a request that this court reweigh the § 3553(a) factors, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is AFFIRMED.